Filed 4/8/16  In re D.F. CA5

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| In re D.F. a Person Coming Under the Juvenile Court Law. | |
| STANISLAUS COUNTY COMMUNITY SERVICES AGENCY,<br><br>　　　　Plaintiff and Respondent,<br><br>　　v.<br><br>BRYAN S.,<br><br>　　　　Defendant and Appellant. | F072387<br><br>(Stanislaus Super. Ct. No. 517071)<br><br><br>**O P I N I O N** |

### THE COURT*

APPEAL from orders of the Superior Court of Stanislaus County.  Ann Q. Ameral, Judge.

Maureen L. Keaney, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

-ooOoo-

---

\*　　Before Kane, Acting P.J., Gomes, J., and Detjen, J.

Bryan S. (father) appealed from the juvenile court's order terminating his parental rights (Welf. & Inst. Code, § 366.26)[1] as to his now 21-month-old son, D.F. After reviewing the juvenile court record, father's court-appointed counsel informed this court she could find no arguable issues to raise on father's behalf. This court granted father leave to personally file a letter setting forth a good cause showing that an arguable issue of reversible error exists. (*In re Phoenix H*. (2009) 47 Cal.4th 835, 844 (*Phoenix H*.).)

Father submitted a letter in which he asks for a chance to prove that he can be a father to D.F. He states he is willing to sign his rights over to his sister in Iowa (who he identifies) until he is ready to be a father.

We conclude father failed to address the termination proceedings or set forth a good cause showing that any arguable issue of reversible error arose from the termination hearing. (*Phoenix H*., *supra*, 47 Cal.4th at p. 844.) Consequently, we dismiss the appeal.

## PROCEDURAL AND FACTUAL SUMMARY

In July 2014, newborn D.F. and his mother ("the mother") tested positive for methamphetamine and marijuana. The Stanislaus County Community Service Agency (agency) placed a protective hold on D.F. because of his mother's history of methamphetamine use. The agency placed D.F. in foster care.

In October 2014, the juvenile court conducted the jurisdictional/dispositional hearing. The mother did not appear. She had been arrested for burglary. The court adjudged D.F. a dependent child and ordered reunification services for mother. The court denied father reunification services because he was an alleged father and not entitled to them. He was also incarcerated.

In November 2014, the agency received the results of paternity testing which revealed that father could not be excluded as D.F.'s biological father. In January 2015,

---

[1] All statutory references are to the Welfare and Institutions Code unless otherwise indicated.

2

father requested a visit and inquired about reunification services. He was told to contact his attorney about services. The agency scheduled a visit for him on February 2, 2015 but the social worker was unable to get in touch with him. Approximately three weeks later, she read in the paper that he had been arrested for murder.

In March 2015, the juvenile court terminated the mother's reunification services at the six-month review hearing and set a section 366.26 hearing. Father's attorney objected to the setting of the section 366.26 hearing and informed the court that father wanted his sister, who resided in Iowa, to be assessed for placement. The court stated that it was not inclined to evaluate the relatives since D.F. had been in a stable home for a significant period of time but ordered the agency, nevertheless, to evaluate father's sister out of an abundance of caution.

In July 2015, the juvenile court conducted the section 366.26 hearing. The court found that D.F. was likely to be adopted, terminated the mother and father's parental rights and ordered the agency to initiate adoption procedures. Father objected to the termination of his parental rights and asked the court to approve a plan of guardianship. He also informed the court that his sister in Iowa wanted to adopt D.F. The court explained that there was no reason to change D.F.'s placement but stated that father's sister could be an alternative placement if necessary.

**DISCUSSION**

An appealed-from judgment or order is presumed correct. (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) It is appellant's burden to raise claims of reversible error or other defect and present argument and authority on each point made. If appellant fails to do so, the appeal may be dismissed. (*In re Sade C.* (1996) 13 Cal.4th 952, 994.)

At a termination hearing, the juvenile court's focus is on whether it is likely the child will be adopted and if so, order termination of parental rights. (*In re Marilyn H.* (1993) 5 Cal.4th 295, 309.) If, as in this case, the child is likely to be adopted, the juvenile court must terminate parental rights unless the parent proves there is a

compelling reason for finding that termination would be detrimental to the child under any of the circumstances listed in section 366.26, subdivision (c)(1)(B) (exceptions to adoption).  The party seeking to establish the existence of one of the section 366.26, subdivision (c)(1)(B) exceptions has the burden of producing that evidence.  (*In re Megan S*. (2002) 104 Cal.App.4th 247, 252.)

Father did not argue at the section 366.26 hearing that any of the exceptions to adoption applied.  Rather, he merely objected to the termination of his parental rights.  Further, in his letter brief, father does not contend that the juvenile court erred in terminating his parental rights.  Instead, he asks for a chance to be a father to his child.

In the absence of any "error or other defect claimed against the orders appealed from," this court has "no reason to proceed to the merits of any unraised 'points'—and, a fortiori, no reason to reverse or even modify the orders in question."  (*In re Sade C*., *supra*, 13 Cal.4th at p. 994.)  Since father does not claim the juvenile court erred, dismissal is the appropriate action.

## DISPOSITION

This appeal is dismissed.

4